Nash, C. J.
 

 The defendant, a free man of color, is indicted for a violation of the laws of the State punishing the trading with slaves. The indictment contains two counts: one for
 
 selling
 
 spiritous liquor to a slave, the other for
 
 giv'mg
 
 the liquor to the slave. The Revised Code contains two chapters on this subject: the 34th and the 107th. The 87th section of the first provides — “No person shall sell or deliver to any slave, for cash, or in exchange for articles delivered, or upon any consideration whatever, or as a gift, any spiritous liquor,” &c. The 67th section of the latter chapter is as follows: “If any free negro shall, directly or indirectly, sell, or give to airy person, bond or free, any spiritous liquor, he shall be guilty of a misdemeanor.” These two chapters, being passed at the same session of the Legislature, constitute but one Act, and are to be considered together. The language used in the 34th chapter is sufficiently broad to embrace free negroes, but it did not go as far as the Legislature thought the existing evil required. It forbade that class of our population from trading with slaves for any of the articles enumerated in it, but it did not reach another practice which was felt as a great nuisance, their dealing in spirituous liquor with white men. To cure this defect, the 67th section of the 107th chapter was inserted, forbidding them to sell, or give to
 
 any one
 
 any spirituous liquor.' The question presented to us is, do the facts
 
 *307
 
 stated in evidence bring the defendant within either clause of the recited chapters? We think they do not.
 

 They are as follows: The slave named in the indictment, gave the defendant money, requesting him to purchase spirits for him. They went together, or were, at the time, both present in the place where liquor was sold. The defendant then handed the seller the money of the slave, and received a quart of spirits, which was handed to him by the vendor, arid by him immediately handed to the slave. In contemplation of law, did the defendant'sell to the slave the spirits, as charged in the first count of the indictment ? A sale, as defined by Justice Blackstone,
 
 “
 
 is a transmutation of property from one man to another in consideration of some price or recompense in value ; for there is no sale without a recompense; there must be a
 
 quid fro quo 2
 
 Black. Com. 446. The defendant had no property in the article sold, and received from the slave no consideration of any kind. There was then no sale by the defendant to the slave.
 

 Was there any gift, as charged in the second count? Both the slave and the defendant were present during the whole transaction. When the defendant had received the money from the slave, he handed it to the vendor, who, in return, handed the spirits to him, and he immediately transferred it to the slave. The parties were both present. The spirits were in the possession of the defendant but for a moment. He acquired no property in it. The whole was one continuous act; the defendant was but the conduit pipe to conduct the article purchased by the slave to him. In no sense was it a gift by defendant..
 

 His Honor instructed the jury that, in law, the acts proved were a breach of the statute. In this there was error.
 

 Per Cubiam. Judgment reversed.