STATE v. ROBERT TAYLOR.

*Liquor Selling—Judge's Charge.*

Indictment for liquor selling: Witness testified that he applied to defendant for liquor; defendant said he could not get it unless he had a bottle; witness got a bottle and gave it to defendant, together with a small sum of money; defendant went off, and in a short while returned with a bottle of whiskey, and said he charged witness a small sum for getting it, which was paid; *Held*, error in the court to charge the jury that, if they believed the evidence, the defendant was guilty, without further telling them to consider the *bona fides* of the transaction—the purchase by defendant as agent of the witness.

APPEAL from a justice's court, heard at Fall Term, 1883, of ORANGE Superior Court, before *MacRae, J.*

This was a criminal proceeding instituted in the court of a justice of the peace, in which the defendant was charged with selling spirituous liquor within four miles of Chapel Hill, in violation of the provisions of the act of 1879, ch. 232, and the act of 1880, ch. 45.

On the trial in the superior court, John Perry, a witness for the state, testified that in the village of Chapel Hill, within the last two years, he went to the defendant and asked him if he could get him some liquor. The defendant said he could not unless witness had a bottle. Witness got a bottle and carried it to the defendant, and gave him thirty cents; and the defendant then went off, and on his return brought the witness a pint of whiskey. He was gone not more than fifteen minutes, and he said he charged the witness five cents for getting the whiskey, and the witness paid him the five cents.

The state rested its case, and the defendant introduced no testimony.

The judge instructed the jury that if they believed the evidence, the defendant was guilty. The defendant excepted.

Verdict of guilty; judgment; appeal by the defendant.

37

*Attorney-General* and *John Manning,* for the State.
*Mr. James B. Mason,* for defendant.

ASHE, J. The instruction given to the jury, we think, is erroneous.

· The facts proved by the testimony of the witness, Perry, were susceptible of two constructions: either that the transaction of obtaining the spirits was a subterfuge, and the defendant was the real vender of the spirits, or he acted in good faith as the agent of the witness in purchasing it for the witness. If the former was the nature of the transaction, then the defendant is guilty; but if the latter, then he is not guilty. The court should have left it to the jury to say how that was.

But when His Honor instructed the jury "that if they believed the evidence, the defendant was guilty," it took away from the jury the right to consider the *bona fides* of the transaction, which, in our opinion, was, upon the evidence, a proper subject for their consideration.

There is error, and the judgment of the court below is reversed. Let this be certified to the superior court of Orange county, that further proceedings may be had according to law.

Error. *Venire de novo.*