### STATE v. J. H. SMITH.

*Indictment for Retailing Liquor without · License—Intoxicating Liquors—Sale—Evidence, Sufficiency.*

Where, in the trial of an individual for selling intoxicating liquors
without license, it appeared that the prosecuting witness
sent for some whiskey by defendant, gave the latter some
money and told him to bring him some whiskey which he
did and nothing was paid defendant for bringing it;
*Held*, that the transaction was *prima facie* a sale by defendant and the burden was upon him to show, if he could, that
he was acting as agent of the witness or that the sale was
otherwise illicit.

INDICTMENT for selling intoxicating liquors without
license, tried before *Graham*, *J.*, and a jury, at Spring
Term, 1895, of CHEROKEE Superior Court.   On trial one
Akin testified for the State : "I sent for whiskey by the
defendant.   I told him to bring me some liquor.   I forget
how much money I gave him but he brought me a quart
of whiskey.   He would be gone two or three hours.   I
never asked him where he got it.   I paid him nothing for
bringing it.   This was in this county, within two years
prior to this time."   The State rested and defendant introduced no testimony.   His Honor instructed the jury that
if they believed the testimony to render a verdict of guilty
which they did.   Defendant appealed.

*The Attorney General*, for the State.

*Messrs. Ferguson & Ferguson* and *Ben. Posey*, for defendant (appellant).

AVERY, J. :   The defendant took the money of the prosecuting witness and furnished him whiskey for it. *Prima facie*, that was a sale, whether the spirits was delivered in ten minutes or ten hours. ˙Black on Intoxicating Liquors, Section 503.   The burden was upon the defendant to show that he had license if he proposed to rely upon the defense that . the sale was authorized by law (*State* v. *Emery*, 98 N. C., 668; *State* v. *Morrison*, 3 Dev., 299; *State* v. *Welbourne*, 87 N. C., 529) and therefore proof of the sale raised a presumption that it was illicit.   Where a person is shown to have sold spirituous liquors contrary to a local prohibitory law, or in such quantity and manner, or at such place, that the sale would be unlawful without license, the burden is upon the accused, if he would excuse the act on the ground of nevessity, to make good the defense.   2 Wharton Cr. Law, Section 1506, p. 348, n. 5; *State* v. *Farmer*, 104 N. C., 887; *State* v. *Brown*, 109 N. C., 802.   There was no testimony tending to show that the defendant was acting merely as agent for the purchaser or in any other capacity than that of seller.   Proof that he was acting as agent of one who furnished the spirituous liquors would not have excused him but would have shown him guilty as principal.   2 Wharton, Section 1504.

It is true, as insisted by the defendant's counsel, that this Court has never held and does not now give its sanction to the doctrine that the purchaser from an illicit vender, even when he knows him to be such, is *particeps criminis* and it necessarily follows that the agent through whom he buys is in no worse plight.   But it was incumbent on the defendant, in order to excuse himself on that

ground, to satisfy the jury that he did actually buy from another in the capacity of agent for the prosecuting witness, and not as agent or employee of a person who furnished the liquor, or as the agent both of such person and the prosecuting witness.

This case is distinguishable from that of *State* v. *Taylor*, 89 N. C., 577, in that there the declaration of the defendant that he wished a bottle to "get" the liquor in was some evidence which the court held should have gone to the jury for what it was worth, as tending to show a purchase from some other person as the agent of the witness. That was an extreme case, but it is not necessary to follow the suggestion of the Attorney General and question the soundness of the principle there announced by the court, as in our case there is no evidence of agency.

No other testimony being offered but that of the witness Allen, it was not error to instruct the jury if they believed that, to return a verdict of guilty.

No Error.