STATE v. JOHNSTON.

(Filed November 22, 1905).

*Intoxicating Liquors—What Constitutes a Sale.*

An agreement to deliver one-half gallon of whiskey, entered into by the defendant in a city where the sale of liquor is prohibited, and receipt of the agreed price and delivery of the whiskey by the defendant within said city in pursuance of the agreement, constitute a sale of liquor upon the part of the defendant within the prohibited territory.

INDICTMENT against Monroe Johnston for retailing spirituous liquors without license, heard by *Judge C. M. Cooke* and a jury, at August Term, 1905, of the Superior Court of MECKLENBURG County. Upon the special verdict set out in the record, His Honor held that the defendant was not guilty. The solicitor for the State prosecutes this appeal.

*Robert D. Gilmer, Attorney-General,* for the State.
*Stewart & McRae* for the defendant.

BROWN, J. It is unnecessary to set out the lengthy special verdict. It appears therein that the sale of liquor is prohibited in the city of Charlotte, and was on July 15, 1905; that on the evening of July 15, 1905, Tom Brown, between the hours of 6 and 7 o'clock P. M., near the Southern depot in

the city of Charlotte, Mecklenburg County, North Carolina, met the accused, Monroe Johnston. The said Monroe Johnston told him that he was going to Salisbury, and wanted to know if he wanted any whiskey. Tom Brown told him that he wanted a half gallon of whiskey. Monroe Johnston, the prisoner, agreed to bring him one-half gallon from Salisbury, for which he paid Monroe Johnston one dollar. That he was not to pay Monroe Johnston anything towards his fare to Salisbury and return. It further appears that on next morning defendant delivered to Tom Brown, in pursuance of his contract, the half gallon of whiskey within said city.

In the view we take of this case, it is unnecessary to discuss the question of agency and the other legal aspects of the case, so ably and elaborately presented by the Attorney-General in his argument and brief. We think the facts set out in the special verdict plainly disclose an agreement or contract to deliver to Tom Brown one-half gallon of whiskey, entered into in the city of Charlotte on July 15, by the defendant and a receipt of the agreed price—also a delivery of the whiskey by the defendant the next morning, in pursuance of the agreement. These facts constitute a sale of liquor upon the part of the defendant within the prohibited territory. The Superior Court should have adjudged the defendant guilty.

Let the case be remanded with instruction to proceed to judgment.

Reversed.