STATE v. SOL. HERRING.

(Filed 10 October, 1907).

1. Spirituous Liquors—Place of Delivery the Place of Sale—Statutes—Interpretation.

Chapter 350, Laws of 1901, prohibits the sale of spirituous liquors in Pender County. Chapter 498, Laws of 1903, makes the place of delivery the place of sale. Revisal, sec. 2080, extending the provisions of the last-named statute to forty-seven counties, not including Pender County, does not repeal the local law relative to Pender County, as, by express provisions of Revisal, sec. 5458, the Revisal shall not repeal any act prohibiting or regulating the sale of liquors in any particular section of the State.

2. Same—Legislative Power—Constitutional Law.

The liberty of contract yields readily to any of the acknowledged purposes of the police powers. The Legislature has the authority, and it is not unconstitutional, to make the place of delivery the place of sale in a county where the sale of spirituous liquor is prohibited.

3. Same—Instructions.

It was not error in the Court below to refuse to instruct the jury that, if they believed the testimony, the defendant was not guilty under an indictment for selling spirituous liquor in prohibited territory, when the testimony showed that there was a sale of such liquor to defendant and others, a delivery thereof made to him in prohibited territory, and that he aided and abetted such unlawful sale to others in taking orders for the whiskey and having same delivered to the other purchasers.

INDICTMENT for unlawful sale of spirituous liquors in Pender County, same being prohibition territory, heard before *Long, J.,* and a jury, at March Term, 1907, of the Superior Court of PENDER County.

Solicitor Jones, the alleged vendee of the liquor, testified for the State as follows: "On Wednesday or Thursday I gave defendant fifty cents to send for some liquor, and four cents to pay express. I gave him the fifty-four cents the morning he sent off the order. I got the liquor on Saturday following. I went to the stables and got the liquor. Sol. was there, and I got my liquor; I got a quart of gin. The arrangement we made with defendant about sending for the liquor was on Wednesday or Thursday. Jim Johnson, Ellis Taylor and Amos Grady were present when we made the arrangement to send for the liquor. Defendant was going to order some for himself, so we all gave him the money—fifty cents each, and four cents express from Wilmington. Defendant was to send for the liquor. The liquor came on Saturday morning following, in the daytime. The box was open when I got to the stable. Defendant and Amos Grady were there when I got there. When I got there Sol. said: 'It has come, and you all know what you ordered.' I picked mine up out of the box and took it and went home. Jim Johnson, Ellis Taylor and Amos Grady were present when I gave defendant the money. The others gave defendant same amount at the same time, in this town. When I saw the liquor it was at Johnson's stables; it was in a box; I got it out. All the bottles had the names of the owners upon them, and I did not see any bottles unmarked. My bottle was wrapped in a paper and name on bottle. Ellis Taylor got his at the same time that I got mine."

There was further testimony, as follows:

William Hand (cross-examination): "I saw a negro carrying a box to the stables; cannot say who the man was carrying the box; he was 250 yards away from me. Four bottles had been taken away when I got there; seven remained in the basket, covered with a bag. Solicitor Jones and the three other witnesses each had liquor. I examined the box when it came in, and it had express tag on it from Wilmington, N. C.

Defendant told me he had not made a cent on the whiskey, and ordered it to come in his box, but each bottle was labeled in the name of the person to whom it belonged; that he sent the order to Sternberger Bros., Wilmington, N. C., and they packed and shipped the whiskey, as above stated, to him at Burgaw. Sternberger Bros. are licensed barkeepers in the city of Wilmington, N. C."

Defendant requested the Court to charge the jury that, if they believed the testimony, they would render a verdict of not guilty, which was refused, and defendant excepted. Verdict of guilty, and from the judgment on the verdict defendant appealed.

*Assistant Attorney-General Clement* for the State.
*Stevens, Beasley & Weeks* for defendant.

HOKE, J., after stating the case: Chapter 350 of the Laws of 1901 prohibits the manufacture or sale of spirituous liquors in the county of Pender, and chapter 498 of the Laws of 1903 makes the place of delivery of such whiskey in said county the place of sale. Section 2080 of Revisal of 1905, which extends and applies this last regulation to forty-seven counties in the State, and to certain townships in some additional counties, does not include the county of Pender, and might probably have the effect of repealing the local law just referred to but for the express provision elsewhere found in the Revisal itself (section 5458), to the effect that the Revisal shall not repeal any act prohibiting or regulating the sale of liquors in any particular section of the State, etc.

We have it, then, that the sale of liquors is unlawful within the county of Pender, and the further statutory regulation that the place of delivery of whiskey within said county shall be the place of sale. The validity of this regulation, popularly known as the "Anti-jug Law," has been upheld with us by direct adjudication (*State v. Patterson,* 134 N. C., 612), and the decision on this question, we think, is well considered.

We see no reason, as a general proposition, why the Legislature cannot make the place of delivery the place of sale as to all contracts entered into after the enactment of such a law; and certainly a statute of this kind is valid to the extent required for the proper exercise of the police power, as here. Page on Contracts, sec. 1778; Freund on Police Power, sec. 499; *State v. Goss,* 59 Vt., 266. In Page on Contracts it is said: "The power to regulate contracts is at least as wide as the police power, and has been assumed to be the same thing." And in Freund, sec. 499: "The liberty of contracts yields readily to any of the acknowledged purposes of the police power." This, then, being a valid regulation, we think the evidence, if believed, shows a clear case of guilt on the part of the defendant; and the Court was right in refusing to give the defendant's prayer for instruction. The testimony tended to establish that there was a sale of whiskey by Sternberger Bros., of Wilmington, N. C., to Solicitor Jones, the person named in the bill of indictment, completed by delivery at and in Pender County, and that defendant aided and abetted such unlawful sale, both in taking the orders, procuring the whiskey and having same delivered to the purchaser, as charged in the bill of indictment. *State v. Johnston,* 139 N. C., 640.

There is no error, and the judgment is affirmed.

No Error.