STATE v. ISAAC BURCHFIELD.

(Filed 9 December, 1908).

1. Intoxicating Liquors—Procuring Sale—Construction of Statute— Agency—Principal.

Revisal, sec. 3534, making it unlawful for any one to procure for and deliver spirituous liquors to another, and making such person, in law, the agent of the seller, and punishable, though its meaning is not plain, makes the one procuring liquor by purchase from an illicit dealer, in prohibited territory, and delivering it to another, the agent of the seller, and subjects him to the punishment prescribed therein, as a principal in the misdemeanor.

2. Same—Evidence—Incompetent.

If one buys whiskey for another from an illicit dealer in prohibited territory, without being interested in the sale otherwise than as agent of the purchaser, to whom he delivers it, and pays the money to the seller for the buyer, it is a wrongful procuring of the whiskey of another within the meaning of Revisal, sec. 3534; and his testimony, that he was acting solely as agent for the buyer, cannot change the character of the act from that intended by the statute.

INDICTMENT for unlawful sale of spirituous, etc., liquors, tried before *Councill, J.*, and a jury, July Special Term, 1908, of MITCHELL.

The defendant was indicted for retailing liquor. Gus Tolley, a witness for the State, testified: "George Tolley, the defendant, and myself were at the depot in Cranberry, N. C., and we wanted some whiskey. Defendant said that Bill Triplett had some and we could get some from him, thereupon we agreed to make up (the amount) and get some. I put in 75 cents, George put in 75 cents and defendant $1.50,

and defendant took the money and went after liquor. In a short time he came back with a gallon of whiskey in a jug, and said he got it from Bill Triplett. We then divided the whiskey. I took the jug and filled two quart bottles and gave them to the defendant and George Tolley, and I kept the half gallon of liquor in the jug."

The defendant, in his own behalf, testified: "Gus Tolley, George Tolley and myself were at the depot in Cranberry, N. C. We all wanted some liquor. I told them we could get some from Bill Triplett, who was an illicit dealer in liquor, and we agreed to make up (the amount) and buy a gallon. I wanted a half gallon, and put in $1.50; they wanted a quart each and put in 75 cents each. I took the money and went to where Bill Triplett was, about 100 yards away, and paid him $3.00 and got a gallon of liquor from him, and took it back to the depot where Gus and George Tolley were waiting for me. After we all took a drink, Gus and George Tolley poured out a half gallon of the liquor into two quart bottles for me, and they took the other half gallon in the jug. I had no interest whatever in Bill Triplett's liquor, and was not trying to sell it for him, and was in no way acting as agent for him."

The Court instructed the jury, that if they found the facts to be as stated by the defendant in his testimony, they should return a verdict of guilty. The jury convicted the defendant and, judgment having been rendered upon the verdict, he appealed to this Court.

*Assistant Attorney-General Hayden Clement* for the State.
*S. J. Ervin* and *M. N. Harshaw* for defendant.

WALKER, J. It may be conceded, for the sake of argument, that there is no evidence in this case that the defendant sold any liquor, with or without a license, unless in buying the whiskey from William Triplett, the illicit dealer, for Gus

and George Tolley, he acted as his agent, or more properly speaking, aided and abetted the illicit dealer in the sale of the whiskey. In the case of *State v. Smith,* 117 N. C., 809, it was said that "this Court has never held and does not now give its sanction to the doctrine that the purchaser from an illicit vendor, even when he knows him to be such, is *particeps criminis,* and it necessarily follows that the agent through whom he buys is in no worse plight. But it was incumbent on the defendant, in order to excuse himself on that ground, to satisfy the jury that he did actually buy from another in the capacity of agent for the prosecuting witness, and not as an agent or employee of a person who furnished the liquor, or as the agent both of such person and the prosecuting witness." While it is true that a person who buys for himself, even from an illicit dealer, may not be criminally liable, because he cannot be considered, in a legal sense, as assisting the dealer in making a sale by merely buying from him, yet, under the present law, he does aid him in making a sale to another if he procures the money which is to be paid to the dealer, as the price for the liquor, and then pays it to him, receives the liquor and delivers it to the purchaser. The law had prohibited the sale of liquor at the place where this liquor was sold by Triplett and delivered to the Tolleys. Acts of 1903, ch. 349. It is provided by the Revisal, sec. 3534, as follows: "If any person shall unlawfully procure and deliver any spirituous or malt liquors to another, he shall be deemed and held in law to be the agent of the person selling said spirituous and malt liquors, and shall be guilty of a misdemeanor and punished in the discretion of the Court." The meaning of that section is not very aptly expressed, but the Legislature has sufficiently declared the intention to make it criminal for any person to procure liquor from an illicit dealer by purchase and to deliver it to another, when both the purchase and the delivery are made in a place where the sale of liquor is prohibited by law. In such a case, the person

who buys the liquor and delivers it to another is deemed, in law, to be the agent, not of the purchaser, but of the seller. While the indictment is drawn for retailing, it charges in terms that the defendant unlawfully and wilfully sold a quantity of liquor to Gus Tolley. If he procured the liquor from Triplett and paid him the price therefor, which he had received from the Tolleys, and then delivered the liquor to them, he was, by sec. 3534 of the Revisal, thereby constituted an agent of Triplett, and, while the sale was made by Triplett through him as agent to the Tolleys, he aided and abetted the sale within the meaning of that section and became a principal in the commission of the criminal act. Although the language of the section is that the person procuring and delivering the liquor shall be deemed, in law, the agent of the seller, it clearly means that such person shall be considered as a principal and liable criminally as the seller. In misdemeanors, all who participate in the commission of the offence are regarded as principals. *State v. Smith,* 117 N. C., 809. In Bishop on Stat. Crimes (2 Ed.), sec. 1024, it is stated that he who sells liquor as the agent or servant of the owner, is liable for the whole offence as seller, and it makes no difference that others are equally liable also for the same sale, provided, of course, that the sale by the owner is unlawful and a misdemeanor. It is suggested that, unless it is forbidden by statute (Revisal, sec. 3534), where several persons contribute to a fund, with which they lawfully buy liquor, and then divide it among themselves in proportion to their contribution to the common fund, none of them thereby sells any of the liquor to the others, and that it has been so decided in other States. *Miller v. Com.,* 76 S. W., 515; *Miller v. Com., ibid,* 509. We need not consider this question, as it is not presented in this case. See *State v. Neis,* 108 N. C., 787. The statute to which we have referred was intended to prevent the purchase by one person of liquor from an illicit dealer, and its delivery to another who has paid the price, by declaring the

person who acts as the intermediary the agent of the seller, in the sense that he is an aider and abettor in the unlawful sale and a principal offender.

It is not necessary that we should discuss the question whether, independent of the statute (Revisal, sec. 3534), a person who buys liquor from one he knows to be an illicit dealer and delivers it to another, who has given him the money to make the purchase, is criminally liable for his act as an aider and abettor of the guilty seller, whether he be his agent or the agent of the purchaser. As to this point, the authorities seem to be somewhat in conflict. In *Foster v. State,* 45 Ark., 361, he was held liable, though he was the agent of the purchaser, as he also aided and procured the illegal sale and, therefore, was a principal. We need not assent to or dissent from that conclusion, as the decision of this case depends upon the true construction of a local statute.

In the view we take of the case, it is unnecessary to consider the authorities cited by the defendant's counsel. *State v. Hopkins,* 49 N. C., 305; *State v. Taylor,* 89 N. C., 577; *State v. Smith,* 117 N. C., 809; *State v. Johnston,* 139 N. C., 640; *State v. Herring,* 145 N. C., 418. We may say, though, that the case last cited, so far as the reasoning of the Court is concerned, has some bearing upon the case under consideration, as it was an indictment for retailing, the Court deciding that the defendant had aided and abetted an unlawful sale, at a place where the sale of liquor was prohibited, in that he had assisted the vendor to make the sale by soliciting orders and delivering the liquor to the parties who gave them, thereby becoming the seller's agent in the transaction. The defendant was held to have been a principal and liable to indictment as such. We have shown that, without regard to the manner of conducting the sale, the statute makes the intermediary the agent of the seller, and he is therefore criminally liable as principal under the doctrine in *Herring's case.*

The defendant testified that he was not the seller's agent, but this can make no difference, as the Legislature had declared otherwise, and he could not, by his testimony, annul or change the law.