STATE v. ERNEST SHEFFIELD.

(Filed 26 April, 1922.)

1. **Intoxicating Liquor—Spirituous Liquor—Unlawful Sales—Evidence— Open Questions for Jury—Possession—Prima Facie Case.**

Upon the trial of defendant for having the unlawful possession of liquor for the illegal purpose of sale, there was evidence that the defendant had one-half gallon thereof in his automobile at the time of his arrest thereat, in two one-quart flasks, and declared that one of them was for himself and the other for a person whom he would not name, and that a search of his house at a previous time did not result in finding liquor therein, but in finding a place where a still had been operated about 150 yards distant. There was also evidence that at the time of the arrest the defendant declared it was not the first time he had had liquor, and that it would not be the last, and threatened injury to any one who had informed on him : *Held,* no *prima facie* case had been made out under the statute, but that all the evidence, when properly considered, was sufficient for an inference that he had the liquor, one quart at least, for the purpose of an illegal sale, upon which the jury could render a verdict of guilty, as upon an open question of fact.

2. **Intoxicating Liquor—Spirituous Liquor—Unlawful Sales—Acting for Another.**

One who participates in effecting the sale of liquor from one person to another is equally guilty of the unlawful sale thereof as the one for whom he was acting.

3. **Appeal and Error—Instructions—Contentions—Arguments—Reply of Judge—Harmless Error.**

Upon this trial of defendant for having liquor in his possession for the purpose of an unlawful sale : *Held,* the recitation of the solicitor's argument upon the waiver by defendant of his right to have the case removed to another justice of the peace for the preliminary hearing, was not to the defendant's prejudice, as the judge immediately and conclusively answered them, and fully protected his rights.

APPEAL by defendant from *Ferguson, J.,* at October Special Term, 1921, of MOORE.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*H. R. Ihrie and H. F. Seawell for defendant.*

WALKER, J. The defendant was convicted under an indictment which in a single count charged him with having the illegal possession of whiskey for the purpose of sale, and from the judgment, upon conviction, appealed to this Court.

There was no evidence in the record, except that of the State, and it contends that being capable of two inferences, it was argued upon those

inferences and submitted to the jury, who found the defendant guilty. Stated briefly, the State's evidence was as follows: Deputy Sheriff Brown arrested the defendant in the town of Hemp, 1 October, 1921, found a rifle in his automobile, and, under the cushion of the back seat, a half gallon of whiskey in two quart packages. At the time the defendant was arrested he was under bond in another whiskey case. Sheriff Brown immediately carried him before a justice of the peace, and on the way defendant told him there was no use of having a trial, that he would just waive examination. He said that he had got a quart for himself and another quart for somebody else, but refused to tell who the other person was. He further said that the man who reported him had better never tell it or he would fix him and fix him good. The justice of the peace was present when the defendant was arrested, and at the trial told him he could move the case. Thereupon, the defendant replied that he had the liquor, and it was not the first time he had had liquor, and he would have some more pretty soon. The justice of the peace testified that as a revenue officer he had searched defendant's premises a number of times, but found nothing to arrest him for; but he did find where a still had been operated about 150 yards from his house.

This is substantially the State's evidence. At its conclusion defendant demurred to the evidence, and excepted to the judge's overruling the motion to dismiss. The above statement shows evidence sufficient to carry the case to the jury.

The court left it to the jury to determine upon all the evidence whether the defendant had possession of the liquor innocently, or for the purpose of selling, or assisting in selling, it to another. The defendant, upon his own statement, had procured the liquor, one quart for himself and the other quart for the person to whom he was carrying it at the time the officer arrested him. The jury could fairly and reasonably draw the inference, that he had purchased the liquor from some one else for himself and the other person. He did not state that it had been given to him, but said, rather defiantly, in answer to the justice of the peace who had agreed to remove the case from him, that "he had the liquor, and it was not the first time he had had liquor, and that he would have some more pretty soon," and also threatened the man who had reported him, adding that he had better never let him know who it was, for if he did, "he would fix him, and fix him good." The liquor was found in the car, under the cushion of the rear seat. Upon this evidence there was no *prima facie* case that the law had been violated, and the court did not so instruct the jury, but left it to the jury, upon all the evidence, and as an open question of fact, to find whether the defendant had the liquor in his possession for the purpose of unlawfully delivering it, as agent for the seller, to the person for whom, he had testified, it was

intended.   If he was participating in effecting the sale of the liquor from one person to another he was just as guilty as if he had sold it himself, as the principal, and was not merely aiding a third party to make the sale.   *S. v. Burchfield,* 149 N. C., 537, which seems to answer fully all the contentions of the defendant in this respect.

The part of the charge relating to the defendant's waiver of a preliminary examination before a justice of the peace was only the statement of a contention, or argument, by the State, to which the judge gave an immediate and conclusive reply, which fully protected the rights of the defendant, and rendered harmless any reference to the alleged waiver.

No error.