## I. L. SAWYER V. THE STATE.

No. 7727.   Delivered April 30, 1925.

Rehearing denied December 2, 1925.

Second rehearing granted April 28, 1926.

**1.—Possessing Intoxicating Liquor—Requested Charge—Properly Refused.**

Where, on a trial for possessing intoxicating liquor for the purpose of sale, there was no error in the trial, court's refusal of a requested special charge of appellant to the effect that the transaction had by appellant with one Wolf, if true, would not constitute a sale of intoxicating liquor. Whether such fact did constitute a sale was for the jury to determine under appropriate instructions.   Following State v. Sheffield, 183 N. C. 783, and Bryant v. State, 245 S. W. 56.

**2.—Same—Requested Charge Covered by Main Charge—Properly Refused.**

Where the issues presented in requested special charges are fully covered and correctly presented in the main charge of the court, there is no error in refusing such special charges.   Following Newton v. State, 250 S. W. 1036.

**3.—Same—Circumstantial Evidence—Rule Stated.**

Where the state relies for a conviction upon circumstantial evidence, any matter of evidence which would tend to make out the state's case fairly, would be admissible.   On a trial for possessing intoxicating liquor for the purpose of sale, there was no error in permitting a witness to testify that, about a month before the transaction involved in the case, he had given appellant money with the request that he get him some liquor, and that afterward the liquor was delivered to him by appellant.   This evidence was pertinent on the issue of the purpose of appellant's possession of the liquor for which he was on trial, and it was immaterial whether the delivery of the liquor to the witness by appellant would in law constitute a sale.

**4.—Same—Evidence—Properly Admitted.**

There was no error in permitting a state witness to testify that he secreted himself and watched appellant's Ford car, which contained fifteen gallons of whiskey, saw appellant approaching the car, or on witness making a noise, hurriedly turn and leave the car.   Such conduct of appellant was a circumstance properly to be considered by the jury.

**5.—Same—Evidence—Ownership of Car—Properly Admitted.**

Where the car containing the whiskey was taken in possession by officers, there was no error in permitting the state to trace the movements of the car after they took possession of same, and to introduce a replevy bond made and entered into in the Federal Court at Waco by appellant, and his recovery of the car under such replevy bond, said replevy bond being signed and sworn to by appellant, containing the express statement that said car belonged to him.

**6.—Same—Evidence—Properly Admitted.**

No error is shown in the admission of the testimony of a witness to the effect that about the date of the seizure of appellant's car, that appellant came into the office of witness and wanted to know if he would be

interested in some whiskey. This testimony was material as a circumstance not only showing appellant's connection with the whiskey found in his car, but as indicating that he had some for the purpose of sale. Distinguishing Payne v. State, 232 S. W. 802.

### ON REHEARING.

#### 7.—Same—Accomplice Testimony—Failure to Charge—No Error.

Where, on the trial of the cause, the state having introduced as a witness one Wolfe, and no exceptions were taken to the court's failure to submit the issue of said witness being an accomplice, and no special charge requested, the objection made in this court comes too late, even though the transaction testified to by the witness was prior to the taking effect of the amendment to the Dean law in 1921, which removed purchasers from the ranks of accomplices. Following Bridges v. State, 88 Tex. Crim. Rep. 61, and other cases cited. Distinguishing Castillo v. State, 172 S. W. 788.

#### 8.—Same—Charge of Court—Limiting Testimony of Witness—No Error.

Where appellant complains of the court's charge limiting the use of the testimony of a witness as to a transaction with the appellant in referring to the whiskey found in the car as "belonging to the defendant," we do not think such complaint presents a reversible error, in view of the undisputed evidence in the case that the car seized, and which contained the whiskey, was the property of the appellant.

### ON SECOND MOTION FOR REHEARING.

#### 8.—Same—Evidence—Of Innocent Transaction—Improperly Received.

Doubts in our mind as to the admissibility of appellant's transaction with the witness Wolfe have impelled us to grant appellant permission to file a second motion for rehearing. The testimony of Wolfe was as to a transaction had between witness and appellant some forty days prior to the transaction upon trial. There is grave doubt as to whether this transaction as testified to would constitute a sale of intoxicating liquor. If not, it had no probative force, but was highly damaging and hurtful to appellant. It is now our opinion that this testimony should not have been admitted.

#### 9.—Same—Charge of Court—On Weight of Testimony—Error.

Having reached the conclusion that the testimony of the witness Wolf was improperly admitted, it follows that the court's charge which authorized the jury to consider his testimony as going to the intent of appellant in his possession of the whiskey found in his car, was also error, and for these errors the judgment of affirmance and overruling of appellant's motion for rehearing is set aside, and the judgment is now reversed, and the cause remanded. See dissenting opinion by Judge Lattimore.

Appeal from the District Court of Hill County. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Morrow & Stollenwerck* of Hillsboro, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hill County of possessing intoxicating liquor for purposes of sale, and his punishment fixed at one year in the penitentiary.

The trial court correctly declined to quash the indictment herein. Tucker v. State, 251 S. W. Rep. 1090; Nantz v. State, 250 S. W. Rep. 695.

The refusal of a special charge instructing the jury that the transaction had by appellant with one Wolfe, if true, would not constitute a sale of intoxicating liquor, presents no error. The question of whether it did in fact constitute a sale would in any event be a jury question under appropriate instructions. State v. Sheffield, 183 N. C. 783; Bryant v. State, 245 S. W. Rep. 56.

At the request of the appellant the court gave the following charge:

"Gentlemen of the Jury: Even though you may believe from the evidence beyond a reasonable doubt that on or about the date alleged in the indictment, that intoxicating liquor was found in the Ford touring car, on the streets of Hubbard, Texas, and further believe beyond a reasonable doubt that said Ford car at that time was owned by the defendant, you would still not be authorized to convict him unless you further believe beyond a reasonable doubt that he was in actual personal possession of said intoxicating liquor, and further believe beyond a reasonable doubt that he had same in his actual personal possession for the purpose of sale."

The matters complained of in bills of exceptions Nos. 3, 4, 5, 8, 9 and 10 are rendered of no avail to appellant in view of the special charge given and set out above. The language of said special charge is more favorable to appellant than the statement of this court in its opinion in King v. State, 234 S. W. Rep. 1107.

It is not necessary to give a definition of possession, in a case such as this, similar to the definition given in theft. The language of the special charge above set out covered the question fully. Newton v. State, 250 S. W. Rep. 1036. Bills of exception up to No. 17 are substantially covered by what we have just said.

The case against appellant was one of circumstantial evi-

dence, and in such case any matter of evidence which would tend to make out the state's case fairly, would be admissible. One of the elements of the offense charged was that the possession by appellant of the liquor in question was for purposes of sale. The state placed on the stand a witness named Wolfe, who testified that about a month before the transaction involved in this case he went to the appellant for the purpose of getting liquor and the appellant told him that he thought he could get it for him, and that he gave the appellant some money and appellant did bring to him the liquor desired, telling him that he had gotten it with the money given him by Wolfe. Whether the transaction was a sale by appellant to Wolfe or not, was for the jury, and the entire transaction was a legitimate circumstance to be considered by the jury in determining whether appellant had the liquor in question, if he did, for purposes of sale. The prosecuting attorney presented a special charge to the court which was given instructing the jury that the transaction with Wolfe could be considered by them only for the purpose of showing the intent of the defendant, if it did, with regard to the disposition of the whiskey, which was found in the car belonging to the defendant. We do not think any of the objections made to said special charge and presented in bill of exceptions No. 17 are sound. Nor do we think bill of exception No. 18 complaining of the admission of the testimony of Mr. Wolfe presents error.

On the 23rd of December, 1921, a Ford car later claimed by appellant, was found standing on the street of Hubbard in Hill County, and in it were some eighteen quarts of whiskey. Appellant was in said town going around from place to place. A witness, who testified for the state, secreted himself in a store nearby the point where the car was parked. He testified that appellant started toward the car and got up within a few feet of it and that witness started out of the store and came in contact with a lot of plows, sweeps, etc., which made quite a noise and that appellant turned and went away from the car suddenly and did not show up near the car again. We think this testimony was admissible and that the conduct of appellant was a circumstance to be considered by the jury. This is complained of by bills of exception Nos. 19, 20, 21 and 22.

We perceive no error in the testimony tracing the Ford car in question from the possession of Officer Sealey at Hubbard into the possession of Mr. Akins, deputy marshal at Waco, nor in the fact that the car was bonded out by appellant. The

identity of the car and appellant's ownership thereof was fully testified to and there was no error in the introduction in evidence of a replevy bond made and entered into in the Federal court at Waco by the appellant replevying the Ford car in question. It was signed and sworn to by the appellant and contained the expressed statement that said car belonged to him.

Nor can we agree with appellant that the testimony of Mr. Bruner was inadmissible. This witness testified that he remembered seeing appellant in Hubbard about the 23rd of December, 1921, and that some time about that date appellant came in the office of witness and wanted to know if he would be interested in some whiskey. This testimony was material as a circumstance not only showing appellant's connection with the whiskey in question but as indicating that he had same for purposes of sale. We are unable to agree with appellant that the case of Payne v. State, 232 S. W. Rep. 802, indicates that the testimony of Mr. Wolfe was wrongfully admitted.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant claims that we erred in holding admissible the testimony of witness Wolfe; second, in not holding that it was error for the trial court to give a special charge asked by the state limiting Wolfe's testimony; third, in holding the testimony sufficient to show appellant's possession of the liquor in question; fourth, in holding admissible the replevy bond executed by appellant, and, fifth, in the court not charging the jury with regard to the theory of accomplice testimony as related to the witness Wolfe.

We note these contentions in reverse order. The transaction made the basis of this prosecution occurred in Hubbard City, December 23, 1921. Along with other circumstances to show that the purpose of appellant in possessing the liquor in question, was for sale, the state put Wolfe on the witness stand and proved by him that some time about the middle of November, 1921, he got from appellant a quart of whiskey for which he paid him four dollars. Another witness had testified that along about the date of the instant transaction appellant came to him and asked him if he was interested in whiskey—asking

witness if he wanted to buy it, or if he would like to have some, or something to that effect. No exception was taken to the court's charge for any failure to charge on accomplice testimony, nor was any special charge asked presenting the law of this issue. In this condition of the record appellant is in no position to complain that the issue was not submitted, even if the testimony had shown that the occurrence between appellant and Wolfe was prior to the taking effect of the amendment to the Dean Law in 1921, which removed purchasers from the ranks of accomplices, which it did not do. Bridges v. State, 88 Tex. Crim. Rep. 61; Berlew v. State, 225 S. W. Rep. 518; Gibson v. State, 225 S. W. Rep. 538; Castleberry v. State, 228 S. W. Rep. 216; Hill v. State, 230 S. W. Rep. 1005. Castillo v. State, 172 S. W. Rep. 788, cited by appellant, seems to have been tried in the lower court before the practice act of 1913 in reference to charges, became effective, and the opinion in that case presents no reference to the law now effective in regard to exceptions to the court's charge.

Discussing the admissibility of the replevy bond, we observe there seems no dispute of the fact that the car which had in it in Hubbard City on December 23rd, four jugs of whiskey, and which was taken into custody by the officers that day, and that night turned over to the Federal authorities—was replevied by appellant on December 30, 1921, by giving a replevy bond which he executed as principal with others as sureties. In said replevy bond over appellant's own signature was the statement that he owned the car therein described by license, seal and motor number. The record otherwise reflects that appellant was in Hubbard City on that day and was a seen a number of times before noon and about noon was observed going toward this particular car. When he got within six or eight feet of it an officer, who was watching from the rear of a nearby store, started toward him but made an accidental noise with articles which he came in contact with, whereupon appellant turned and went away and was not found in said town any more during that day, though the officers looked for him. By the tax collector of the county it was also shown that a car bearing the same license, seal and motor number as the one containing said liquor, had been theretofore transferred to appellant. The case was one of circumstantial evidence and so treated by the court in the charge. We have no doubt of the correctness of his action in admitting that part of the

replevy bond which stated the numbers on said car and the admission of ownership by appellant.

In reference to the sufficiency of the testimony to show possession, we note that the car was appellant's; that it was parked in Hubbard City on that day; that he lived in another town; that he was in Hubbard City and was there seen a number of times during the morning of said day; that the car had attracted the suspicious attention of the officers and they were watching it; that he was seen near the car and going to it. When a noise was made by a watching officer appellant went away and though searched for, was not found in the town again that day. No one else came for the car. It was taken in custody by officers and delivered to the Federal authorities that same day. Mr. Bruner swore that on or about that day appellant asked him if he wanted to buy some whiskey, or if he would like to have some, witness was not quite sure which. These facts coupled with the additional proof of appellant's ownership of the car, seem ample to support the conclusion of the jury that he was in possession of the car and its contents in Hubbard City on that day.

Reverting to the complaint of the admission of the state's special charge limiting Wolfe's testimony, we note the court gave said charge as follows:

"Gentlemen of the Jury: At the request of the state you are charged as follows: The testimony of the witness T. S. Wolfe to the effect that he had a transaction with the defendant about the middle of November, 1921, in which he received from the defendant one quart of whiskey, and that he thereafter delivered to defendant $4.00 for same (was admitted for the purpose of showing the intent of the defendant, if it does, in regard to the disposition of the whiskey which was found in the car belonging to the defendant), and you can not consider such testimony for any other purpose."

This was objected to by appellant for various reasons. It is a well settled rule that where there is no controversy in evidence over a given issue, the court may assume it as established in the charge. There is not a word of evidence in this record controverting the fact that the car in question belonged to appellant. As stated above, the replevy bond stated specifically over appellant's signature that said car did belong to him, and the tax collector testified that his records showed a transfer of said car to appellant. No one directly or indirectly controverted this fact. We think appellant suffered no injury

from the assumption in said special charge that the car belonged to him. The evidence of Wolfe was pertinent as affecting the purpose for which appellant possessed the liquor, if he did possess it. We think the use of the words "intent in regard to the disposition of the whiskey" as used in the charge presents substantially the same idea as if the charge had stated the purpose for which he possessed it. (Our Brother Morrow regards that part of the special charge, referring to appellant's intent, as on the weight of the evidence.)

As to the question of the admissibility of the testimony of Wolfe, we think it admissible because the case was one of circumstantial evidence, and also because a particular intent on the part of the possessor of the liquor in question, becomes material by virtue of the statute. (Our Brother Morrow is of opinion that this evidence was not admissible.) In cases of circumstantial evidence, proof of any material fact may be made by circumstances the weight and cogency of which are for the jury if same shed any legitimate light on such issue. There is a well settled exception to the general rule rejecting evidence of other offenses and transactions when a particular intent on the part of the accused becomes an issue. If such proof be pertinent to the establishment of such particular intent, it would not be a valid objection to it that it was proof of another offense. There is nothing in said special charge assuming the truth of the testimony given by Wolfe, and it fairly limits said testimony as affecting the jury's belief as to the purpose for which appellant had the whiskey, if he did have same in his possession.

Being unable to agree with appellant, the motion for rehearing will be overruled.                                    *Overruled.*

### ON SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—So uncertain were we as to the propriety of receiving the testimony of the witness Wolfe, and especially the propriety of the special charge given at the state's request regarding this evidence that permission was granted appellant to file a second motion and the mandate withheld.

The special charge referred to is copied in the opinion on rehearing and it is unnecessary to again set it out. The facts upon which it was based is found in Wolfe's testimony as follows:

"I had a business transaction with him (appellant) in the

latter part of the fall of 1921 in which said transaction I received some whiskey from him. That was about the middle of November. * * * I got one quart of whiskey from him. *I asked him if he would get me some and he said he would try, and he came back that evening and gave it to me.* I gave him something later on. I didn't at the present time. He said it was four dollars and that is what I gave him. * * * What I told him was that I wanted him to see if he could get me some whiskey. * * * When he brought me the whiskey it was in response to the idea that I wanted him to get me some whiskey. *It is a fact that when I did pay him the four dollars that Mr. Sawyer told me that was the price the whiskey cost him, and that he wanted me to repay him the price that he paid for the whiskey which he brought me.*"

It is well to have in mind that the transaction about which Wolfe testified occurred some forty days prior to the transaction upon which the prosecution was based and in another town. If appellant had been upon trial charged with the sale of this whiskey to Wolfe it is doubtful if upon the facts stated a conviction would have resulted. They certainly would have raised the most pertinent question whether appellant was acting as Wolfe's agent in procuring the whiskey. The jury would have been required to settle this question against appellant before a conviction would have been authorized. If he was Wolfe's agent in securing the whiskey then in law his act was free from criminal wrong, and had no significance as throwing light upon the subsequent transaction for which he was being prosecuted. If this transaction with Wolfe was free from criminal wrong the mere fact that it related to whiskey would not clothe it with legal probative force in determining his intent or purpose with reference to the whiskey which may have been in his possession forty days later. The charge complained of authorized the jury to consider this transaction with Wolfe regardless of its criminal or innocent character. In other words, the court assumed that it was of such criminal character as authorized the jury to consider it upon the issue of appellant's purpose, or intent with reference to the whiskey he was being prosecuted for possessing forty days later.

It is well settled that evidence of other offenses should not be received even under some exception permitting it when accused on trial is not shown to be the party guilty of committing the offense. Isham v. State, 41 S. W. 622; Williams v.

State, 38 Tex. Crim. Rep. 128, 41 S. W. 645; Branch's Ann. Tex. P. C., 100. In Walton's case, 41 Tex. Crim. Rep. 454, he was prosecuted for theft of cattle from one Drummond. Evidence was admitted regarding the taking of certain cattle belonging to Darnell. The court says: "It is shown without controversy that appellant (Walton) had an interest in the Darnell cattle, and was in possession of them, and the most that can be said is that the evidence raises some suspicion that he might have embezzled said cattle. Before this character of evidence could be admitted against appellant there should have been some testimony indicating with a reasonable degree of certainty that appellant was guilty of the theft of the Darnell cattle." We quote also from Fountain v. State, 90 Tex. Crim. Rep. 474, 241 S. W. 489:

"Where 'intent' becomes an issue, proof of other offenses throwing light upon the question is permissible; but before permissible then it must be shown that a prior crime was committed, and with reasonable certainty that accused was the guilty party. Denton v. State, 42 Tex. Crim. Rep. 427, 60 S. W. 670; Williams v. State, 38 Tex. Crim. Rep. 128, 41 S. W. 645; Walton v. State, 41 Tex. Crim. Rep. 454, 55 S. W. 566; Wool v. State, 83 Tex. Crim. Rep. 121, 201 S. W. 1006. For other authorities see Branch's Anno. P. C., Vol. 1, p. 100. We think the admission of all the testimony with reference to an alleged prior offense was error: First, because it does not appear with sufficient certainty that any crime was then committed; second, accused's connection therewith, even if a crime was committed, is not shown with the degree of certainty required."

See also Glen v. State, 76 S. W. 757; Hooks v. State, 97 Tex. Crim. Rep. 480, 261 S. W. 1053.

If appellant's transaction with Wolfe was only as agent for the purchaser, it was not a criminal act and would be inadmissible for any purpose upon the present trial. The learned trial judge would not be authorized to assume that it was a sale and therefore permit its consideration on the question of intent. This, in effect, the charge complained of did. It was a charge upon the weight of the evidence and subject to the exception presented on that ground. Neither is the form of the charge to be commended.

We have reached this conclusion after careful review of the authorities. Believing we were in error in our former disposition of the case the judgment of affirmance, and that over-

ruling the prior motion for rehearing, are set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*

### DISSENTING OPINION.

LATTIMORE, JUDGE.—This appellant was convicted of possessing intoxicating liquor for purposes of sale. While circumstantial, the evidence shows without dispute from appellant, who did not testify, that he was in Hubbard, Texas, with eighteen quarts of whiskey in his car. When the whiskey was discovered in said car appellant abandoned it. He had recently bought the whiskey from Tom Wolfe, because of whose testimony apparently, my Brethren think this case should be reversed. Mr. Bruner swore that about the date of this transaction appellant came to witness' office and asked him if he would like to have some whiskey, or if he wanted to buy some, witness was not quite sure which. Bruner told appellant he was not interested. Wolfe swore that sometime in the fall of 1921—he guessed about November 15—he got a quart of whiskey from appellant; that he asked appellant if he would get him some and appellant said he would try, and brought the quart that evening. Later witness paid appellant $4.00. On cross-examination witness said that appellant brought him the whiskey in response to the idea that witness wanted him to get him some whiskey; that when he paid appellant for it the latter told him that was what the whiskey cost him; that he wanted witness to repay him what he paid for the whiskey. No request was made for any instruction telling the jury that if appellant was not selling said quart of whiskey but was only Wolfe's agent in the transaction, the jury should not consider it for any purpose. The court was asked to tell the jury not to consider Wolfe's testimony, and also to tell them that in law the transaction would not constitute a sale. The court gave a special charge relative to Wolfe's testimony, which is quoted in our opinion on motion for rehearing above, wherein the jury was specifically told that the only purpose for which Wolfe's testimony could be considered was as showing, if it did, what disposition Wolfe intended to make of the whiskey found in the car belonging to him. It was apt. We must believe that the jury appropriated Wolfe's testimony for the purpose stated and no other. Apparently, there could be no doubt from the testimony aside from that of Wolfe's as to the

purpose of appellant in possessing the liquor in Hubbard on the day in question. He lived in Penelope, a town some miles distant from Hubbard. He was at the latter place in a car bought from Wolfe with eighteen quarts of whiskey in his possession. He approached Bruner and tried to interest him in the purchase of whiskey. The testimony of Wolfe can be entirely rejected and the case, in the language of Judge Ramsey, be made out by other testimony beyond a reasonable doubt. Common experience teaches us that parties who deal with bootleggers are reluctant to reveal the details, and when used as witnesses, will clothe their testimony in the most favorable language possible to the accused.

In this case the jury gave to appellant the lowest penalty. To reverse it because of the testimony of Wolfe as to the transaction supposed to be in November before the transaction herein involved in December, for the sole reason that the testimony of Wolfe does not make it clear whether the transaction he was talking about was one of agency or not, seems to the mind of the writer to lose sight of the real facts and pertinent issues in this case, and to reverse it for a collateral matter whose weight here, as well as likely in the minds of the jury, was very little.

I regret my inability to agree to the reversal and respectfully record my dissent.