## B. G. CLARK V. THE STATE.

No. 22241. Delivered October 28, 1942.
Rehearing Denied November 25, 1942.

*L. D. Hartwell,* of Greenville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of possessing whisky in a dry area for the purpose of sale. The punishment assessed is confinement in the county jail for a period of sixty days.

The State's testimony, briefly stated, shows that on the afternoon of September 5, 1941, the officers, armed with a search warrant, went to appellant's apartment over a garage and made a search thereof. As a result of the search they found some whisky in one-half pint bottles, but the testimony is very hazy as to whether they found more than a quart. However, inasmuch as we will dispose of this case upon another question, we do not deem it necessary to discuss the sufficiency of the evidence to warrant the trial court in submitting to the jury the law of prima facie evidence as it relates to a violation of the local option law.

Appellant testified in his own behalf to the effect that he rented from Marvin Williams an apartment over a garage and was living there at the time in question. He said that when the officers came to make a search he had a quart of whisky which he had theretofore purchased in Dallas and which he had put in half-pint bottles; that he had this whisky, not for sale, but for his personal use; that he had a weak heart; that his circulation was bad and he used it as a stimulant.

Bill of Exception No. 1 reflects the following occurrence: After the State and defendant had rested the State was permitted to prove by an agent of the Texas Liquor Control Board, over appellant's strenuous objection, that two or three days prior to the time appellant's apartment was searched and the whisky in question was found he (the agent) was at Marvin Williams' place of business; that he saw Williams go across the street to the bottom of the stairway leading to appellant's apartment, where he went out of sight at the foot of said stairway and immediately came back across the highway with three half pints of whisky which he (the witness) purchased from Williams. Appellant promptly objected to this testimony on the ground that it showed the commission of an extraneous offense with which the defendant was not connected; that it took place out of his presence and hearing, was hearsay, prejudicial, etc. Ordinarily, evidence of extraneous offenses is not admissible unless it tends to prove intent, system or identity where the same is an issue, and then it is not admissible unless appellant's guilt of the extraneous offense is shown. See Wells v.

State, 118 Tex. Cr. R. 355; Williams v. State, 38 Tex. Cr. R. 128, 41 S. W. 645; Morgan v. State, 62 Tex. Cr. R. 120; Sawyer v. State, 104 Tex. Cr. R. 522, (see p. 531). While it is true that intent was an issue in this case, still there is not any evidence from any source which connects appellant with the commission of the extraneous offense.

Being of the opinion that the learned trial judge fell into error in permitting the introduction of said testimony, the judgment is reversed and the cause remanded.

The foregoing opinon of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The correctness of our conclusion that the admission of the testimony showing the sale, by Williams, to Nichols, of three pints of whiskey, as reflected by Bill of Exception No. 1, was error, is challenged by the State.

It is insisted that such testimony was admissible, not only as supporting the State's theory that the whiskey found in appellant's possession was possessed by him for the purpose of sale, but also to rebut the affirmative defensive testimony of the appellant that the whiskey was possessed by him for purposes other than that of sale. If the testimony complained of had tended to establish either of said theories, its admissibility could not be questioned.

We agree with the State's construction of the law, but fail to find sufficient evidence in this case which shows or tends to show appellant's connection with the sale of the whiskey, by Williams, to Nichols. In this connection, we note that Nichols did not say that Williams got the whiskey out of appellant's room, or that he went to appellant's room. He puts Williams no farther than at the bottom of the stairway, which led to the second floor, where appellant resided. There is no testimony that appellant alone occupied the rooms over the filling station, nor that the stairway led only to rooms or quarters occupied solely by the appellant. The only connection reflected

by this record existing between Williams and appellant was that Williams was the owner of the building and appellant was his tenant.

Under such a state of facts, to say that appellant is shown to have been connected with Williams in the sale of the whiskey to Nichols would be to indulge a presumption not warranted by the record before us.

Believing that the case was correctly disposed of originally, the State's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.